UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PATRICIA BROOKS

    Plaintiff,

                        CASE NO. 10-10872
v.                             HONORABLE DENISE PAGE HOOD

BOBAM,

    Defendant.
_____/

## ORDER DENYING APPLICATION FOR APPOINTMENT OF COUNSEL AND ORDER OF SUMMARY DISMISSAL

Plaintiff Patricia Brooks, proceeding *pro se*, filed the instant Complaint along with an Application for Appointment of Counsel on March 4, 2010. For the reasons set forth below, the Court dismisses the Complaint against Defendant Bobam based on a lack of subject matter jurisdiction.

It appears that Plaintiff attempted to file more than one complaint against Bobam and others. Within the three complaints attached, many words are illegible. Plaintiff's Complaint attaches an order from the Western District of Missouri, denying appointment of counsel and leave to proceed *in forma pauperis*. The Complaint appears to state that certain individuals moved to Detroit in 2009, and are holding other individuals. Plaintiff also claims Mr. Swift has been "rapped" by Mr. Glynn, and Mr. Glynn wants to have sexual intercourse with her son. She alleges that Mr. Glynn died on "May 5-04." Plaintiff alleges other facts as to Terrence Brooks, and makes further allegations of beatings and rapes.

The presumption is that a federal court lacks jurisdiction in a particular case until it has been demonstrated that jurisdiction over the subject matter exists. *Lehigh Mining & Mfg. Co. v. Kelly*, 160 U.S 327, 337 (1895). The facts showing the existence of jurisdiction must be affirmatively alleged in the Complaint. *McNutt v. General Motors Acceptance Corp.*, 298 U.S.

178 (1936); Fed.R.Civ.P. Rule 8(a)(1). Plaintiff has failed to establish that the Court has subject matter jurisdiction over the Complaint under 28 U.S.C. §§ 1331 and 1332.

Section 1331 provides the Court with subject matter jurisdiction over claims alleging a federal question based on federal statutes and laws. Based on a liberal construction of Plaintiff's Complaint, Plaintiff fails to state a claim upon which relief may be granted. The Court has no federal subject matter jurisdiction over Defendant Bobam.

Section 1332 provides the Court with subject matter jurisdiction over claims alleging a state law question based on state statutes and laws. The Court only has jurisdiction over state law claims if the amount in controversy exceeds $75,000 and the parties are citizens of different states. The citizenship of the individuals named in Plaintiff's Complaint is unclear, and Plaintiff makes allegations that certain individuals have moved. The Court appears to have no diversity jurisdiction, as it has not been established that the parties are citizens of different states, and Plaintiff does not allege an amount in controversy exceeding $75,000.

Accordingly,

**IT IS ORDERED** that Plaintiff's Complaint is **DISMISSED**.

**IT IS FURTHER ORDERED** that Plaintiff's Application for Appointment of Counsel is deemed **MOOT**.

|  |  |
|---|---|
|  | S/Denise Page Hood |
|  | Denise Page Hood |
| Dated: July 30, 2010 | United States District Judge |

I hereby certify that a copy of the foregoing document was served upon Patricia Brooks, 14040 Northlawn, Detroit, MI 48238 and counsel of record on July 30, 2010, by electronic and/or ordinary mail.

S/William F. Lewis<br>Case Manager